IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| AUGUSTUS MILLER, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 316-077 |
| | ) | (Formerly CR 313-007) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner Augustus Miller, Jr., an inmate at the Federal Correction Institution in Bennettsville, South Carolina, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his federal sentence. The motion is before the Court for initial review as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. The Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **DISMISSED** as untimely and this civil action be **CLOSED**.

I. **BACKGROUND**

On August 7, 2013, the grand jury in the Southern District of Georgia charged Petitioner along with three co-defendants with one count of conspiracy to distribute and to possess with intent to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(C), and (b)(1)(D), and one count of possession with intent to distribute controlled substances in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and (b)(1)(D) and 18 U.S.C. § 2. United States v. Miller, CR 313-007, doc. no. 1 (S.D. Ga. Aug. 7, 2013)

(hereinafter "CR 313-007").  Represented by court-appointed counsel Ralph N. Jackson, Petitioner pled guilty to the lesser included offense of count one, which was conspiracy to distribute and to possess with intent to distribute controlled substances, on December 18, 2013.  Id., doc. nos. 50, 51, 52.  In exchange for Petitioner's guilty plea, the government agreed to dismiss the remaining charges against Petitioner, not object to a recommendation for a two-point reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b), and consider filing a motion for downward departure for "substantial assistance" pursuant to 18 U.S.C. §3553(e) and U.S.S.G. §5K1.1.  Id., doc. no. 52, pp. 2-3.

Petitioner's plea agreement also included an appeal and collateral attack waiver that stated in relevant part:

> [D]efendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack the conviction and sentence in any post-conviction proceeding, including a § 2255 proceeding, on any ground, except that: the defendant may file a direct appeal of his sentence if it exceeds the statutory maximum; and the defendant may file a direct appeal of his sentence if, by variance or upward departure, the sentence is higher than the advisory sentencing guideline range as found by the sentencing court. The defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government appeals the sentence imposed, the defendant may also file a direct appeal of the sentence.

Id. at 4-5.

Upon entry of the guilty plea, the United States Probation Office prepared a Presentence Investigation Report ("PSI") which set Petitioner's Total Offense Level at thirty-three, Criminal History Category at VI, and Guideline imprisonment range at 235 to 293 months.  PSI ¶¶ 53, 76.  In the criminal history computation section of the PSI, Petitioner was classified as a career offender pursuant to U.S.S.G. §4B1.1(b).  Id. ¶ 53.  Because

Petitioner pleaded to the lesser included offense of count one of the Indictment, the statutory maximum term of imprisonment was twenty years. PSI ¶¶ 75, 76. Thus, the guideline range was 235 to 240 months. PSI ¶ 76. On July 22, 2014, United States District Judge Dudley H. Bowen, Jr. recalculated the range of sentencing based on testimony regarding drug quantities attributable to each Defendant. See CR 313-007, doc. no. 108. Petitioner's recalculated range was 151 to 188 months. Id. at 155-56. Judge Bowen sentenced Petitioner to 180 months imprisonment, and the judgment was entered on July 29, 2014. Id., doc. no. 81.

Petitioner filed a direct appeal to the Eleventh Circuit challenging his sentence on August 4, 2014. See id., doc. no. 86. The Eleventh Circuit affirmed the sentence on June 26, 2015. Id., doc. no. 132. Petitioner did not petition the United States Supreme Court for a writ of certiorari.

Petitioner's one ground for relief alleges ineffective assistance of counsel for failure to investigate the validity of prior state drug convictions used as sentencing enhancers. (Doc. no. 1, p. 4.) Petitioner alleges he is challenging the underlying state convictions, and it appears he bases his challenge on an intervening change of law, possibly the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). (Id.; see also id. at 13 ("Vacate sentence as to career offender. . . .").) Petitioner says he attached a memorandum to his motion, but the Court did not receive it. (Id. at 4.) Petitioner signed his § 2255 motion on October 9, 2016, and after it was forwarded to the correct address, the Clerk filed it on October 26, 2016. (Id. at 1, 12.)

Even if the Court were to assume, for the sake of argument, the collateral attack waiver in Petitioner's plea agreement is not valid, Petitioner's current § 2255 motion is barred as untimely.

**A.     The Motion Is Untimely.**

28 U.S.C. § 2255(f), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides a one-year statute of limitations for § 2255 motions that runs from the latest of four possible dates:

1.  the date on which the judgment of conviction becomes final;

2.  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3.  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4.  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Judgment entered in Petitioner's case on July 29, 2014. CR 313-007, doc. no. 81. However, because Petitioner filed a direct appeal, his one-year statute of limitations runs from ninety days after the Court of Appeals affirmed his sentence. See Kaufmann v. United States, 282 F.3d 1336, 1338 (11th Cir. 2002) ("[E]ven when a prisoner does not petition for certiorari, his conviction does not become 'final' for purposes of § 2255(1) until the expiration of the 90–day period for seeking certiorari.") Here, the Eleventh Circuit affirmed Petitioner's sentence on June 26, 2015, and consequently Petitioner's

judgment of conviction became final ninety days later on September 24, 2015. See CR 313-007, doc. no. 132. Petitioner did not file his present motion until October 9, 2016.[1] (See doc. no 1, p. 12.) Thus, Petitioner filed his § 2255 motion more than one-year after his conviction became final and his motion is untimely.

Furthermore, Petitioner's challenge of his underlying state convictions does not render his current motion timely. Indeed, Petitioner's claims based on unconstitutional state convictions are not ripe for federal adjudication until after those convictions have been vacated. Stewart v. United States, 646 F.3d 856, 864 (11th Cir. 2011) ("[T]he time for challenging a federal sentence based on a faulty state conviction is only after that conviction has been vacated."). Thus, Petitioner's current motion is untimely regardless of whether he is challenging his underlying state convictions at this time.

### B. __Johnson__ Does Not Apply.

To the extent Petitioner may be attempting to raise a challenge under Johnson, 135 S. Ct. 2551, to his career offender sentence enhancement under U.S.S.G. § 4B1.1(b), Petitioner misses the mark because Johnson does not apply to career offender enhancements under the sentencing guidelines. United States v. Matchett, 802 F.3d 1185, 1194-95 (11th Cir. 2015). However, even if Johnson applied to the guidelines, it would not apply to Petitioner's case. Petitioner did not receive a career offender enhancement for prior "crimes of violence" but rather for prior "controlled substance offenses." See PSI ¶¶ 45-49. Johnson does not apply

---

[1] Under Houston v. Lack, 487 U.S. 266, 276 (1988), Petitioner's motion is deemed filed on the date of delivery to prison officials for mailing. The Court construes the date of Petitioner's signature as the date of delivery to prison officials for mailing. See Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999) (per curiam).

5

to predicate drug offenses, even under the ACCA, and therefore also does not apply to predicate drug offenses under the guidelines. See Golden v. United States, No. CR614-002, 2016 WL 3647637, at *2 (S.D. Ga. June 30, 2016), report and recommendation adopted, No. CR614-002, 2016 WL 4098345 (S.D. Ga. Aug. 1, 2016) ("[J]ust as Johnson's logic failed to implicate drug offenses in the ACCA context, so too does it not apply to 'controlled substance offenses' for Guidelines purposes.").

Because Johnson does not apply, Petitioner is not entitled to AEDPA's later retroactivity trigger for the statute of limitations, and Petitioner's motion, filed over a year after his conviction became final, is untimely and without merit.

### C. Petitioner Has Not Demonstrated He Is Entitled to Equitable Tolling or a Fundamental Miscarriage of Justice Has Occurred.

Nevertheless, an otherwise untimely § 2255 petition may be considered if a petitioner can demonstrate that either he is entitled to equitable tolling or a fundamental miscarriage of justice has occurred. Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline, but only if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Lawrence v. Florida, 549 U.S. 327, 336 (2007). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving his entitlement to equitable tolling and will not prevail based upon a showing of

6

either extraordinary circumstances or diligence alone; the petitioner must establish both. See Damren v. Florida, 776 F.3d 816, 821-22 (11th Cir. 2015).

Consideration of an otherwise untimely petition for federal habeas corpus relief may also be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has probably resulted in the conviction of one who is actually innocent." McQuiggin v. Perkins, 569 U.S. __, 133 S. Ct. 1924, 1931 (2013) (citing Murray v. Carrier, 477 U.S. 478, 495-96 (1986)); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). The actual innocence exception "is exceedingly narrow in scope," and a time-barred petitioner seeking to invoke it must be able "(1) to present 'new reliable evidence . . . that was not presented at trial,' and (2) to show 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt' in light of the new evidence." Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (citations omitted), *cert. denied*, 133 S. Ct. 351 (2012). As the Supreme Court emphasized, "The miscarriage of justice exception, we underscore, applies to a <u>severely confined</u> category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" McQuiggin, 133 S. Ct. at 1933 (emphasis added).

Petitioner has not shown extraordinary circumstances prevented him from timely filing his motion. Further, Petitioner has not presented any evidence, much less new evidence, to suggest that he did not commit the offense to which he pleaded guilty such that no reasonable juror would have convicted him. Indeed, Petitioner's claim surrounds the sentencing phase of his conviction. (See id. at 4.) In addition, as discussed above,

Petitioner's challenge to his state convictions is not ripe for this Court's consideration until they are complete. Therefore, Petitioner is not eligible for equitable tolling.

### III. CONCLUSION

Based on an initial review of the petition as required by Rule 4 of the Rules Governing Section 2255 Proceedings, the Court finds Petitioner's motion is time-barred by the applicable one-year statute of limitations. Therefore, the Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **DISMISSED** as untimely and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 16th day of November, 2016, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA